EXHIBIT "A"



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 13581098
Date Processed: 03/17/2015

| | |
|---|---|
| **Primary Contact:** | Service Process Team 1-30-403<br>Nationwide Insurance<br>One Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Kevin Jones<br>Rebecca Lewis<br>Cassandra Struble |
| **Entity:** | Scottsdale Insurance Company<br>Entity ID Number 3286058 |
| **Entity Served:** | Scottsdale Insurance Company |
| **Title of Action:** | Mark Weir vs. Scottsdale Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Ocean County Superior Court, New Jersey |
| **Case/Reference No:** | L3250-14 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 03/17/2015 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | NJ Secretary of State on 03/12/2015 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Jason M. Ciofalo<br>813-751-0293 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**THE MACKINNON LAW GROUP, PA**
10033 N. Dale Mabry Highway, Suite B
Tampa, FL 33618
Tel # (813) 751-0293
Fax # (813) 961-7800
Jason M. Ciofalo, Esquire
Attorneys for Plaintiff, Mark Weir



FILED
OCT 29 2014
SUPERIOR COURT OCEAN

| | |
|---|---|
| MARK WEIR<br><br>　　　　Plaintiff,<br><br>v.<br><br>SCOTTSDALE　　　INSURANCE COMPANY<br><br>　　　　Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: OCEAN COUNTY<br>DOCKET NO.:　L 3250-14<br><br>CIVIL ACTION |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, MARK WEIR, by and through the undersigned attorneys, hereby sues the Defendant, SCOTTSDALE INSURANCE COMPANY, and alleges the following:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of the jurisdictional limits of this Court.

2. The events which give rise to this cause of action occurred in Ocean County, New Jersey.

3. Plaintiff's property insured by Defendant, SCOTTSDALE INSURANCE COMPANY, is located at 27 Grant Avenue, Seaside Heights NJ 08751 Ocean County.

4. At all times relevant hereto, the Plaintiffs have owned the residential property located at 27 Grant Avenue, Seaside Heights NJ 08751.

1

5. Defendant, SCOTTSDALE INSURANCE COMPANY, is a foreign insurance company engaged in the business of insurance in New Jersey. This Defendant is authorized to conduct the business of insurance in the State of New Jersey, and was and is engaged in the business of insurance in Ocean County and throughout the State of New Jersey.

6. This Defendant has not designated or maintained a resident agent for service of process in New Jersey. Accordingly, this Defendant may be served with process by serving the Honorable Kenneth E. Kobylowski, New Jersey Commissioner of Banking and Insurance located at 20 West State Street, PO Box 325, Trenton, NJ 08625, as its agent for service. Request is respectfully made that the Commissioner immediately forward a duplicate copy of the process to the Defendant's agent for service by certified mail, return receipt requested. This Defendant has sufficient business contact with the State of New Jersey to make it amenable to service of process.

## C. Jurisdiction

7. The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

8. The Court has personal jurisdiction over Defendant since Defendant engages in the business of insurance in the State of New Jersey and the cause of action arises out of Defendant's business activities in the State of New Jersey.

## D. Venue

9. Venue is proper in Ocean County, New Jersey since the insured property is situated in Ocean County, New Jersey and pursuant to R.4:3-2(a) and (b).

### E. Facts Common to All Counts

10. Plaintiff is the owner of the residential property located at 27 Grant Avenue, Seaside Heights NJ 08751, and insured by Defendant under the Policy in question. This policy was issued by Defendant, SCOTTSDALE INSURANCE COMPANY (hereinafter referred to as "the Policy."). A copy of the Insurance Policy as it exists in the Plaintiff's possession is attached hereto as Plaintiff's Exhibit "A."

11. SCOTTSDALE INSURANCE COMPANY sold the Policy to Plaintiff, insuring the residential property that is the subject of this lawsuit. The Plaintiff suffered a significant loss with respect to the property at issue at the insured location as a result of the winds of SuperStorm Sandy which occurred on or about October 29, 2012.

12. Plaintiff timely submitted the SuperStorm Sandy claim to Defendant.

13. Defendant failed to complete an adequate investigation of the insured location.

14. Defendant failed to fully adjust the Plaintiff's claim and summarily and improperly denied the claim with knowledge of serious damage remaining at the insured location associated with the winds of SuperStorm Sandy.

15. Under the terms of the Policy, Defendant is obligated to pay insurance benefits for a covered loss to Plaintiffs.

16. The damage to Plaintiffs' insured property is caused by a covered peril under the Policy.

17. All conditions precedent to obtaining payment of said benefits under the Policy from Defendant have been complied with, met, or waived.

### F. Causes of Action

### Count I-Breach of Contract

18. The Plaintiff re-alleges paragraphs 1 through 17 as if fully set forth herein.

19. Plaintiff, MARK WEIR, made an application for insurance benefits under the Policy, but the Defendant has failed and refused to pay the benefits to which the Plaintiff is entitled for the loss.

20. Defendant has breached the Policy by failing to pay all benefits due under the Policy.

21. Plaintiff suffered direct physical damage to their insured dwelling as a result of the covered peril of windstorm or hail as contemplated within the Policy during SuperStorm Sandy.

22. Defendant, SCOTTSDALE INSURANCE COMPANY owed a duty to its policyholder, MARK WEIR, to make prompt and proper payment for Plaintiff's SuperStorm Sandy wind claim, and to make available its policy benefits to compensate Plaintiff for the loss.

23. Defendant breached these duties and obligations as recited above, by improperly denying coverage for the Loss.

24. Other breaches may be determined during discovery in this matter.

25. As a direct and proximate result of the foregoing, Plaintiff sustained a loss, destruction, and pecuniary damage to Plaintiff's insurable interest in and to the Property.

26. Defendant breached the subject policy by basing its denial of the claim for wind-related damage on an inadequate investigation, inspection, and adjustment of Plaintiffs' loss.

27. Defendant breached the Policy by failing to utilize an objective engineer and/or other expert to determine the proper cause of the loss prior to denying Plaintiffs' claim for hurricane damage.

28. As a result of these breaches, Plaintiff has been damaged, has not been made whole, and has been unable to make repairs necessary to return the property to its pre-loss condition.

29. As a direct and proximate result of SCOTTSDALE INSURANCE COMPANY'S, breaches of its insurance contract, Plaintiff has lost the benefit of the use of the insured property, continues to suffer this loss, and has sustained substantial damages.

WHEREFORE, the Plaintiff, MARK WEIR, requests judgment in the Plaintiff's favor and against Defendant as follows:

A. Judgment against Defendant as to Count I- Breach of Contract;

B. An award of compensatory, direct and consequential damages in an amount to be determined at trial;

C. Pre- and post-judgment interest;

D. Costs, disbursements and attorney's fees; and

E. Such other further and different relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED, this the ___ day of October, 2014.

BY: _____
Jason M. Ciofalo, Esquire
New Jersey Bar No. 006912012
The MacKinnon Law Group, PA
10033 N. Dale Mabry Highway, Suite B
Tampa, FL 33618
Telephone:   (813) 751-0293
Fax:         (813) 961-7800
Email: jciofalo@mackinnon-law.com
Email: policy@mackinnon-law.com